IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INTERNATIONAL UNION OF PAINTERS AND<br>   ALLIED TRADES DISTRICT COUNCIL 21<br>   WELFARE FUND,<br>JOSEPH ASHDALE, in his official capacity as<br>   a fiduciary,<br>2980 Southampton-Byberry Road<br>Philadelphia, PA 19154<br><br>                     Plaintiffs,<br><br>       v.<br><br>HARRISBURG GLASS LLC<br>444 Railroad Avenue<br>Shiremanstown, PA 17011<br><br>                     Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

Plaintiffs, by undersigned counsel, complain about Defendant as follows:

## JURISDICTION

1. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§ 1132, 1145; 29 U.S.C. § 185(a); and/or 28 U.S.C. § 1331. The claims asserted are all made under federal statutes or federal common law, but the supplemental jurisdiction of the Court under 28 U.S.C. § 1367(a) also extends to any claims that are found to lie under state law.

2. A copy of this Complaint has been served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail in accordance with 29 U.S.C. § 1132(h).

## VENUE

3. Venue lies in the Eastern District of Pennsylvania under 29 U.S.C. §§ 185(a) or 1132(e)(2).

## PARTIES

4. Plaintiff, International Union of Painters and Allied Trades District Council 21 Welfare Fund ("Welfare Fund"), is a trust fund established under 29 U.S.C. § 186(c)(5) and "multiemployer plan" and "employee (welfare) benefit plan" within the meaning of 29 U.S.C. § 1002(37), (1) and (3). The Welfare Fund maintains a place of business and is administered from an office located at the address in the caption of this Complaint.

5. Plaintiff, Joseph Ashdale, is a fiduciary of the Welfare Fund within the meaning of 29 U.S.C. § 1002(21) with respect to collection of contributions due the Welfare Fund and related matters. He has a business address as listed in the caption and is authorized to bring this action on behalf of all Trustees of the Welfare Fund and the Welfare Fund as an organization.

6. The Welfare Fund and Ashdale are authorized collection fiduciary(ies) and agent(s) for:

(a) the International Union of Painters & Allied Trades District Council 21 Annuity a/k/a I.U.P.A.T. District Council 21 Annuity Fund ("Annuity Fund"), a trust fund established under 29 U.S.C. § 186(c)(5) and "multiemployer plan" and "employee benefit plan" within the meaning of 29 U.S.C. §1002(37), (1) and (3);

(b) International Union of Painters and Allied Trades District Council No. 21 ("Union"), an unincorporated labor organization within the meaning of Section 3(5) of the Labor Management Relations Act of 1947 (hereafter "LMRA"), as amended, 29 U.S.C. § 185, with its principal office located at 2980 Southampton-Byberry Road, Philadelphia, PA 19154. Union is the collective bargaining agent for the covered employees of Defendant, Harrisburg Glass LLC; and

      (c)      I.U.P.A.T. District Council No. 21 HRA Fund[1] ("HRA Fund"); I.U.P.A.T. District Council No. 21 Vacation Fund[1] ("Vacation Fund"); I.U.P.A.T. District Council 21 Training and Education Fund ("Training Fund"); the District Council 21 Scholarship Fund ("Scholarship Fund") ; District Council 21 Labor Management Fund; the International Union of Painters and Allied Trades, District Council No. 21 Jobs Organization Program Trust Fund; Drywall Finisher Target Fund;; I.U.P.A.T. District Council No. 21 Benevolent Fund; I.U.P.A.T. District Council No. 21; I.U.P.A.T. District Council No. 21 Political Action Fund; and the I.U.P.A.T. District Council No. 21 Industry Advancement Fund (altogether with Welfare Fund and Annuity Fund, "DC 21 Funds").

      7.      The Welfare Fund, Annuity Fund, HRA Fund, Vacation Fund, Training Fund, and Scholarship Fund all are qualified employee benefit plans under ERISA and altogether referred to as the "DC 21 ERISA Funds."

      8.      Defendant, Harrisburg Glass LLC ("Defendant" or "Company") is a Pennsylvania limited liability corporation and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(2), (6) and (7), 1002(5), (11) and (12) with a business office at the address listed in the caption. Defendant does business with the Funds that is sufficient to create personal jurisdiction over Defendant in this district and a substantial part of the events or omissions giving rise to the claim occurred from transactions with the DC 21 Funds' office(s) in this district.

---

[1] I.U.P.A.T. District Council No. 21 HRA Fund and I.U.P.A.T. District Council No. 21 Vacation Fund are both part of the Welfare Fund. However, they have distinct collection rates and are identified separately in the Labor Contract, Trust Agreement, and collection materials, i.e. remittance reports and Fund Office computer software.

**COMMON FACTS**

9. At all times relevant to this action, Defendant was party to or agreed to abide by the terms and conditions of a collective bargaining agreement(s) (singly or jointly, "Labor Contract") with the Union. A true and correct copy of the Labor Contract and signature page are collectively attached as Exhibit 1.

10. Defendant also signed or agreed to abide by the terms of the Agreement and Declaration of Trust of the Welfare Fund ("Welfare Trust Agreement"), made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations, and the plan and other governing documents for the Welfare Fund. The Welfare Fund governing documents include, but are not limited to, the Welfare Fund's Collection Policy. Copies of the Welfare Trust Agreement and Collection Policy are attached as Exhibits 2 and 3, respectively.

11. Under the Labor Contract, Trust Agreements, plan documents, or other governing documents of the Funds, Defendant agreed:

(a) To make full and timely payment on a regular basis to the Funds, as required by the Labor Contract, Trust Agreements, and plan documents. Ex. 1, Art. III.

(b) To file regular remittance reports with the Funds detailing all employees or work for which contributions were required under the Labor Contract. Ex. 1, Art. III.

(c) To produce, upon request by the Funds, all books and records deemed necessary to conduct an audit of the Defendant's records concerning its obligations to the Funds and to pay the cost of the audit if found to be delinquent or in violation of the Trust Agreements or plans. Ex. 1, Art. III.

    (d) To pay liquidated damages, interest, audit costs, and all costs of litigation, including attorneys' fees, expended by the Funds to collect any amounts due as a consequence of the Defendant's failure to comply with its contractual and statutory obligations described in Subparagraphs (a), (b), and (c). Ex. 1, Art. III.

  12. On or about August 13, 2019, the Funds' auditors produced a payroll compliance review report that detailed discrepancies noted during the auditors' review of Company's payroll records. The auditors updated the findings and on September 16, 2019, the auditors sent a revised report ("Audit Report I") to Company. Audit Report I reflected total contributions owed as $7,184.74 for the time period January 1, 2015 through December 31, 2017, plus interest and liquidated damages.

  13. By letter dated October 14, 2019, the DC 21 Funds' Delinquency Controller sent a copy of Audit Report I to Defendant and demanded payment.

  14. On or about April 27, 2020, the DC 21 Funds' auditors produced a payroll compliance review report ("Audit Report II") that detailed discrepancies noted during the auditors' review of Company's payroll records. Audit Report II reflected total contributions owed as $19,142.89 for the time period January 1, 2018 through June 30, 2019, plus interest and liquidated damages. The auditors sent a copy of the report to Company on April 27, 2020.

  15. The DC 21 Funds and Company, through Controller Cherie Wheeler, negotiated an agreement through which Company would repay in regular installments the delinquencies determined in Audit Report I and Audit Report II. Company did not sign a formal promissory note prepared by the DC 21 Funds, but Controller Cherie Wheeler manifested written assent to the terms and assented by performance of making specified payments.

16. Specifically, Company agreed to and paid monthly $400.00 installments from November 2019 through December 2020 towards interest and liquidated damages. From June 2020 through December 2021, Company also submitted monthly installments of either $1,000 or $2,000 towards principal of Audit I and Audit II.

17. Defendant failed to make timely and/or complete contributions to the Funds for at least the period November 2021 through March 2022. Defendant also submitted late or incomplete payments for the months of February 2021 through October 2021.

18. The Welfare Fund sent monthly Notices of Company's delinquency to Company by mail.

## COUNT I - CONTRIBUTIONS UNDER CONTRACT

### PLAINTIFFS
### v.
### DEFENDANT

19. The allegations of Paragraphs 1 through 18 are incorporated by reference as if fully restated.

20. Defendant has not paid the Funds as required by the Labor Contract, and other documents incorporated by the Labor Contract, such as the Trust Agreements or plan documents of the ERISA Funds.

21. Defendant submitted late or incomplete payments for the period March 2021 through October 2021. Under the Labor Contracts, Trust Agreements, and governing documents for the DC 21 Funds, Defendant owes interest and liquidated damages related to those late payments.

22. Defendant also failed to pay amounts due under the Labor Contracts, Trust Agreements, and Plan for the period November 2021 through March 2022.

23. Based upon information currently available to Plaintiffs, Defendant owes Plaintiffs at least the sum of $190,363.45 as detailed on the attached Exhibit 4.

24. The Plaintiffs have been damaged by Defendant's failure to make contributions as required by the Labor Contract or Trust Agreements.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Enter judgment against the Defendant and in favor of Plaintiffs, for the benefit of the Funds, for the sum certain currently due plus any additional amounts which become due and owing during the pendency of this litigation or as a result of an audit together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment, as provided in the Labor Contract and Trust Agreement.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II - CONTRIBUTIONS UNDER ERISA

**ERISA FUNDS**
**v.**
**DEFENDANT**

25. The allegations of Paragraph 1 through 24 are incorporated by reference as if fully restated.

26. Based on information currently available to the ERISA Funds, Defendant has failed to pay amounts due under the Labor Contract, Trust Agreement, and plan for February and October 2021, and November 2021 through March 2022 in at least the amount of $158,397.13 in violation of 29 U.S.C. § 1145, as detailed on the attached Exhibit 4.

27. The ERISA Funds have been damaged by Defendant's violation of 29 U.S.C. § 1145.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Enter judgment against Defendant in favor of the Plaintiffs, for the benefit of the ERISA Funds, for at least the sum certain amount plus any additional amounts which may become due during the pendency of this lawsuit, together with interest at the rate(s) prescribed by 26 U.S.C. § 6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the documents governing the ERISA Funds or statute, the cost of any audit and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment all as provided under the Trust Agreement, plan documents of the ERISA Funds, and 29 U.S.C. § 1132(g)(2); and

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT III – BREACH OF CONTRACT

**PLAINTIFFS**
**v.**
**COMPANY**

28. The allegations of Paragraphs 1 through 27 are incorporated by reference as if fully restated.

29. Company defaulted on its obligations under the terms of the installment agreement undertaken by Company, in writing, with the Funds. The Funds agreed not to undertake legal action in exchange for Company's regular payments towards resolving its debts to the Funds.

30. The Funds provided written notice for failure to timely make installment payments and regular current reports and contributions.

31. Company did not cure the default and therefore the agreement is revoked.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Enter judgment against Company in favor of the Plaintiffs for the amount of the debt, together with interest calculated at the rate of 5.0% compounded monthly from April 7, 2022, through the date of payment or judgment; and

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

Respectfully submitted,

JENNINGS SIGMOND, P.C.

BY: _____
MAUREEN W. MARRA (ID No. 309865)
1835 Market Street, Suite 2800
Philadelphia, PA 19103
(215) 351-0674
Fax: (215) 922-3524
mmarra@jslex.com / usdc-edpa-erisa@jslex.com
*Attorney for Plaintiffs*

Date: June 14, 2022